FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 23 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

C/M

------------------------------------------------------- X NOT FOR PUBLICATION

CARLOS MANUEL VALDEZ
also known as CARLOS SOSSA,

                            Petitioner,

        - against -

DAVID J. EBBERT,

                    Respondent.

------------------------------------------------------- X

**MEMORANDUM AND ORDER**

12 Civ. 0233 (BMC)

**COGAN,** District Judge.

Petitioner Carlos Manuel Valdez, appearing *pro se*, files the instant petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1995 Kings County conviction.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an

initial consideration of this petition and, for the reason set forth below, determined that the Court

lacks jurisdiction over this petition.

### BACKGROUND

On September 8, 1995, petitioner was sentenced before the New York Supreme Court,

Kings County, to four and one half to nine years imprisonment upon his guilty plea. See Petition

at ¶¶1-6. Petitioner did not file a notice of appeal. Petitioner alleges that his conviction was

obtained in violation of his right to counsel because he was not informed of the immigration

consequences of his plea. On March 11, 2011, petitioner filed a post-conviction motion in state

court. By Decision and Order dated June 10, 2011, the state court denied petitioner's motion and

found that petitioner's motion "brought by a defendant convicted of four felonies, who has already been deported and then re-entered the country illegally, based on the self-supported 24-year old claim of inadequate advice by a defense lawyer, represents the height of 'chutzpah.'" See Petition, Unmarked Exhibit, Decision and Order.

On September 30, 2008, petitioner entered a guilty plea before the United States District Court for the Southern District of New York for illegally re-entering the United States and he was sentenced to 70 months imprisonment. See United States v. Valdez, No. 08 Cr. 458 (LTS), aff'd, United States v. Valdez, 355 F. App'x 545 (2d Cir. 2009). Petitioner is currently in federal custody pursuant to this federal sentence.

## DISCUSSION

A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a); Maleng, 490 U.S. at 492.

Here, petitioner challenges a conviction wherein he pled guilty in 1995. The nine-year state court sentence he challenges here had fully expired prior to the filing of this petition on January 10, 2012. Thus, at the time petitioner filed the instant proceeding, he was no longer serving his sentence of imprisonment for this conviction and he was not in custody pursuant to a judgment of a State court. Lackawanna, 532 U.S. at 401-02. See, e.g., Ortiz v. State of New

York, 75 F. App'x 14, 17 n. 2 (2d Cir. 2003) (noting that petitioner could not bring a § 2254 petition because he is no longer in state custody), cert. denied, 542 U.S. 922 (2004).

Because petitioner is currently serving a federal sentence of 70 months imprisonment "the 'in custody' requirement for federal habeas jurisdiction" could be satisfied when a *pro se* petition, liberally construed, "can be read as asserting a challenge to [a current] sentence[], as enhanced by [an] allegedly invalid prior conviction," Maleng, 490 U.S. at 493-94. The Court, however, declines to construe the instant petition as a challenge to his current federal sentence insofar as such a motion would have to be filed in the Southern District of New York and petitioner has already done so. See Valdez v. United States, No. 11 Civ. 00560 (LTS) (S.D.N.Y. filed Jan. 20, 2011) (motion stayed).

## CONCLUSION

Accordingly, petitioner fails to satisfy the "in custody" requirement and therefore this Court lacks jurisdiction over the petition. The instant petition pursuant to 28 U.S.C. § 2254 is dismissed. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

_____          _____
                    U.S.D.J.

Dated:  Brooklyn, New York
        January 23, 2012

3